IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-362-KS

| | |
|---|---|
| TIMOTHY WAYNE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 12 & 15], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Timothy Wayne Jones filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On July 14, 2016, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands the matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability and disability insurance benefits on August 23, 2013, alleging disability beginning July 1, 2013. (Tr. 24, 66, 77.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 66, 77, 98.) On

September 15, 2014, a hearing was held before Administrative Law Judge Edward Seery ("ALJ"), who issued an unfavorable ruling on October 22, 2014. (Tr. 35, 30.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

**I.     Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 30.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since July 1, 2013. (Tr. 26.) Next, he determined that Plaintiff had the following severe impairments: "hepatitis C infection; degenerative disc disease; and coronary artery with stent placement." (Tr. 26.) At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26.)

The ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the capacity to perform the full range of medium work. (Tr. 26.) The ALJ further

3

Case 5:15-cv-00362-KS   Document 24   Filed 09/06/16   Page 3 of 6

determined that Plaintiff was capable of performing his past relevant work as "a packager, industrial truck operator, palletizer operator, and general laborer." (Tr. 29-30.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on two grounds. Plaintiff first contends that the ALJ erred in his evaluation of Plaintiff's coronary artery disease ("CAD") and its functional effects. Second, Plaintiff asserts that the ALJ provided insufficient analysis regarding whether Plaintiff met Listing 4.04C.

### a. Residual Functional Capacity

Plaintiff asserts that the ALJ erred in his evaluation of Plaintiff's CAD and its functional effects. The court agrees. The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 416.945(a)(1). The RFC "'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996)). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work." *Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016) (internal quotation marks omitted) (quoting *Mascio*, 780 F.3d at 636). In determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. § 416.945(a)(4). It is based upon all relevant evidence and may include the claimant's own description of limitations from alleged symptoms. SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. § 416.945(a)(3). Finally, the RFC assessment "must include a discussion of why

reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7.

Here, two non-examining state agency consultants found that Plaintiff could perform a full range of medium work. The ALJ found that "these assessments [were] consistent with the longitudinal medical record and [gave] great weight to these opinions." (Tr. 29.) However, both opinions were given months before Plaintiff was diagnosed with CAD and before Plaintiff underwent a stenting procedure. Thus, neither non-examining consultant had access to the medical records concerning Plaintiff's CAD, an impairment the ALJ found to be severe. It is unclear how the non-examining medical opinions are consistent with the longitudinal record when they did not address Plaintiff's CAD. The ALJ did not "'build an accurate and logical bridge from the evidence to his conclusion.'" *See Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). The court is left guessing how Plaintiff's CAD was taken into account regarding his functional limitations. Accordingly, this case must be remanded to the Commissioner for further consideration.

    **b.**    **Listing 4.04**

Plaintiff also asserts that the ALJ provided insufficient reasoning for his finding that Plaintiff's CAD did not meet Listing 4.04C. (Pl.'s Mem. at 8.) Because this case is being remanded for further consideration of Plaintiff's CAD, there exists a substantial possibility that the Commissioner's findings regarding Listing 4.04C may be different on remand. Accordingly, the court expresses no opinion as to Plaintiff's remaining assignment of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #12] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #15] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 6th day of September 2016.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge